Dear Mr. Drost:
This office is in receipt of your request for an Opinion from the Attorney General. You asked, "Whether or not the appointment of Richie Gregory to the West Calcasieu Community Center Authority as the City of Sulphur Member was made properly." Concomitant with this primary inquiry, you also asked: (1) Who is the "governing authority" of the City of Sulphur; (2) Should the Resolution appear on the Agenda under the Mayor's name; (3) Should the nomination come from the Mayor or a member of the Council; and (4) Was the procedure directed by the City Attorney correct in Amending the Resolution to consider another appointment? Your concerns and the Attorney General's responses to those concerns are presented as follows.
Who is the "governing authority of the City of Sulphur ?
For purposes of appointing Sulphur's representative on the West Calcasieu Parish Community Center Authority, the "governing authority" for the City of Sulphur, Louisiana, appears to be the City Council. As you described the situation/process, the Mayor receives recommendations and input from City Council members and other, *Page 2 
various individuals. Based upon that information and his own sentiments, the Mayor then submits his recommendation to the City Council. The City Council is then cast with the responsibility of approving or rejecting the Mayor's recommendation. So it is the City Council which has final decision-making authority and accordingly appears to be the "governing authority".
Should the Resolution appear on the Agenda under the Mayor's name ?
So long as the Resolution's appearance on the Agenda under the Mayor's name does not violate Sulphur's Home Rule Charter (which it does not appear to do) or any other governing body of law (again, which it does not appear to do), we find no reason why the Resolution cannot appear on the Agenda under the Mayor's name. And considering the fact that the Mayor appears (according to your description) to be the person who sought to have Mr. Gregory appointed as Sulphur's representative, the Resolution's appearance on the Agenda under the Mayor's name appears to be proper.
Should the nomination come from the Mayor or a member of the Council ?
As explained supra, we are of the opinion that the Mayor's formal submission of the nomination appears proper. So it is axiomatic that we are the opinion the nomination's "coming from" the Mayor appears proper.
By the same token, we find no prohibition against the nomination "coming from" a member of the City Council. And by that we mean we find no prohibition against a member of the City Council suggesting a particular nominee to the Mayor. Taking this one step further, we find no prohibition against a Resolution (which identifies a particular nominee) being placed on the Agenda by a member of the City Council so long as it is properly submitted and filed timely.
But we would defer to Sulphur's Home Rule Charter and/or any other governing body of law which may, in fact, prohibit Council members from suggesting such nominations and/or placing such nominations on the City Council's Agenda.
Was the procedure directed by the City Attorney correct in amendingthe Resolution to consider another appointment ?
Unfortunately, we must advise you it is our opinion that the procedure directed by the City Attorney (to amend the Resolution and consider an alternative nominee) was improper.
It is our opinion that if Councilmen Koonce wished to nominate Mr. Kinney, as opposed to Mr. Gregory, he should have expressed that desire by means of a separate Resolution (identifying Mr. Kinney as the nominee) instead of attempting to amend the *Page 3 
Resolution bearing Mr. Gregory's name (which was properly submitted and filed timely). In order to accomplish this, Mr. Koonce should have moved to table or suspend proceedings on the Resolution identifying Mr. Gregory as the nominee. He could have then formally filed (and set on the Agenda for the following City Council meeting) a Resolution identifying Mr. Kinney as the nominee. The Council could have then considered both resolutions at the next meeting. Accordingly, we do not believe the advice given by the City Attorney was proper.
Whether or not the appointment of Richie Gregory to the West CalcasieuCommunity Center Authority as the City of Sulphur Member was madeproperly.
We are of the opinion that the appointment of Mr. Gregory to the West Calcasieu Community Center Authority as the City of Sulphur Member was made properly. The Resolution identifying Mr. Gregory was deserving of consideration by the City Council because it was properly submitted and filed timely. And while the vote on Mr. Gregory was temporarily interrupted by an improperly-made attempt to amend the Resolution identifying him as the nominee, ultimately the Council did, in fact, take up his Resolution during the meeting as scheduled. To that end, the vote confirming his appointment was proper (and the aforementioned interruption should not negate the vote confirming his appointment).
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: __________________________
 DAVID A. YOUNG
 Assistant Attorney General